UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FRANK H.,

                        Plaintiff,

v.                                                                                           CASE # 21-cv-00573

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

APPEARANCES:                                                    OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC      ANTHONY J. ROONEY, ESQ.
  Counsel for Plaintiff                                          KENNETH R. HILLER, ESQ.
600 North Bailey Ave
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                        HEETANO SHAMSOONDAR,
OFFICE OF REG'L GEN. COUNSEL – REGION II      ESQ.
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

I.     **RELEVANT BACKGROUND**

    A.     **Factual Background**

Plaintiff was born on March 16, 1984 and has at least a high school education. (Tr. 116, 121). Generally, plaintiff's alleged disability consists of epilepsy and congenital spinal stenosis. (Tr. 120). His alleged onset date of disability is April 27, 2010 and his date last insured was March 31, 2014. (Tr. 116).

    B.     **Procedural History**

On May 4, 2018, plaintiff protectively applied for a period of Disability Insurance Benefits under Title II of the Social Security Act. (Tr. 94). Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge (ALJ). On February 15, 2019, plaintiff appeared before ALJ Timothy McGuan. (Tr. 28-44). On March 28, 2019, ALJ McGuan issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 10-27). The Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-6). Thereafter, plaintiff timely sought judicial review in this Court and the United States District Court remanded the case on December 3, 2019. (Tr. 347).

While the Title II claim was pending, plaintiff filed a Title XVI claim for Supplemental Security Income benefits on May 31, 2019. (Tr. 442-52). Plaintiff's subsequent application was denied initially and upon reconsideration, so he filed a request for hearing. (Tr. 357-64, 366-77, 378). The claims were consolidated, and a new hearing was held before ALJ McGuan on January 13, 2021. (Tr. 276-98). A second unfavorable decision was issued on January 28, 2021. (Tr. 255-75). Plaintiff then sough relief directly from this Court.

## C.     The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2014.

2. The claimant has not engaged in substantial gainful activity since April 27, 2010, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).

3. The claimant has the following severe impairments: C5-7 disc herniation with canal and foraminal stenosis; seizures; mild stenosis of the lumbar spine; obesity (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he would need to avoid exposure to unprotected heights and dangerous machinery and he should never climb ladders, ropes and scaffolds.

6. The claimant has no past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on March 16, 1984 and was 26 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.156 and 416.963).

8. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from April 27, 2010, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 255-268).

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff primarily argues the RFC was not supported by substantial evidence because there were no opinions regarding limitations posed by the plaintiff's severe impairments. (Dkt. No. 9 at 2 [Pl.'s Mem. of Law]).

### B. Defendant's Arguments

In response, defendant asserts substantial evidence supports the ALJ's RFC. (Dkt. No. 11 [Def.'s Mem. of Law]).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where

evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.     Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.     ANALYSIS

Plaintiff contends the RFC is unsupported because the ALJ did not reference opinion evidence regarding his physical capacity. (Dkt. No. 9 at 9). It is well settled by the Second Circuit that an ALJ's decision does not have to be supported by an opinion. *Poupore v. Astrue*, 566 F.3d 306 (2d Cir. 2009); *see Corbiere v. Berry*hill 760 F. App'x 54, 56 (2d Cir. Jan. 23, 2019) (affirming the Commissioner's final decision despite the lack of a medical opinion expressly speaking to the physical portion of the RFC determination of sedentary work, and relying, instead, on the relevant medical findings in the treatment notes). Where the record contains sufficient evidence, an ALJ is permitted to make determinations related to severe impairments. *Cook v. Comm'r of Soc. Sec.,* 818 F. App'x 108, 109–10 (2d Cir. 2020) (summary order) ("[A]lthough there was no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination, such evidence is not required when 'the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity.' . . . Here, the treatment notes were in line with the ALJ's RFC determinations."). Indeed, the ultimate responsibility for assessing the RFC falls on the ALJ. *See* 20 C.F.R. §§ 404.1546(c), 416.946(c); *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022). Here, the ALJ sufficiently developed the record and formulated the RFC based on the record as a whole, without the need of medical opinions. *See Matta v. Astrue*, 508 Fed. App'x. 53, 56 (2d Cir. 2013) (Summary Order); *Young v. Berryhill*, No. 17-CV-6199L, 2018 WL 2752443, at *2 (W.D.N.Y. Jun. 8, 2018).

Plaintiff's argument focuses on plaintiff's physical impairments, however, there was an opinion from consultative examiner Dr. Santarpia, which addressed plaintiff's mental functioning, that the ALJ found persuasive. (Tr. 266). On July 23, 2019 Dr. Santarpia examined plaintiff and observed good personal hygiene, intact attention/memory/concentration, fair insight and

judgement, coherent thought process, and average cognitive function. Plaintiff could dress, bathe, and groom himself, cook, clean, do laundry, shop, manage his money, socialize with friends, watch TV, shop, and drive a car. (Tr. 664). Dr. Santarpia opined plaintiff had mild impairments for regulating emotions, controlling behavior, and maintaining well-being. (Tr. 664-65). While no mental health impairment was found to be severe, Dr. Santarpia's findings were relevant because plaintiff testified his epilepsy and spinal stenosis inhibited his psychological and mental abilities, including interacting with others. (Tr. 280).

Beyond the Dr. Santarpia opinion, the ALJ also based the RFC finding on objective examination findings from treating providers and plaintiff's own reported activities. (Tr. 265-66). For instance, the ALJ noted an exam found plaintiff ambulated with a steady gait and while he demonstrated a limited range of motion in his cervical spine, he had a full range of motion in his upper extremities. (Tr. 264-65, *citing to* Tr. 188-89). Repeatedly over the relevant period treatment notes revealed plaintiff had a full range of musculoskeletal motion or only mild neck and back tenderness) full range of motion in his extremities, and a pleasant appearance. (*See e.g.*, Tr. 238, 632, 678, 839-40). Examination findings from Dr. Kinkel divulged a normal gait, normal direct strength testing, intact senses, and a normal affect. (*See* Tr. 564, 566, 569, 572, 575). Likewise, physician assistant (PA) Anderson found plaintiff had normal range of motion in the neck and shoulders and normal motor strength on multiple occasions. (Tr. 245-46, 613). Indeed, plaintiff occasionally presented with a limited range of motion in his back but there was still normal curvature and strength in his back and his gait was normal. (Tr. 608-09, 840). At examinations in May 2016, May 2017, and June 2018, plaintiff presented with a full range of motion in the musculoskeletal region, no musculoskeletal deformities, a full range of motion in his extremities, a normal gait, and intact nerves. Tr. 238, 241, 746).

Similarly, plaintiff's seizure activity was also properly considered by ALJ McGuan and limitations accordingly assessed from the medical record. (Tr. 265-66). Evidence of record indicates medication worked to control seizure activity, with extended periods without a seizure. (Tr. 192, 564, 566, 569, 932, 935). For instance, on September 18, 2013, plaintiff reported he had experienced no seizures since May 8, 2013 and he was compliant with his prescribed medication and tolerating it well. (Tr. 564). On February 11, 2014, plaintiff conveyed that he was not having any seizures and had found a job at a coffee house. (Tr. 566). In 2015, plaintiff again reported having no further seizures. (Tr. 569). On May 17, 2016, plaintiff reported not having a seizure for the past two months but that the normal frequency was monthly. (Tr. 745). On May 22, 2017, plaintiff reported not being on any anti-seizure medication and averaging about one seizure per month through his next appointment on January 22, 2018. (Tr. 198, 201). He was placed on Lamotrigine in February 2018 and only experienced one seizure from that point until May 8, 2018, which happened during the titration process. (Tr. 192, 197). Lastly, on September 10, 2018, plaintiff stated that he had not experienced a seizure since his last appointment. (Tr. 217-18).

While the ALJ failed to assess the opinion of State agency medical consultant Dr. Sonthineni, the conclusions were consistent with the RFC. Dr. Sonthineni opined the seizures had no more than a mild impact on functioning in the workplace but for limitations with heights and fast-moving machinery. (Tr. 328). *See Petrie v. Astrue*, 412 F. App'x 401, 407 (2d Cir. 2011) ("[W]here the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability.").

Plaintiff also contends the ALJ did not properly consider his subjective complaints, however the ALJ reiterated the litany of plaintiff's complaints in the decision. (Tr. 264). Indeed, ALJs are tasked with considering factors related to subjective symptoms, including a claimant's daily activities and treatment. 20 C.F.R. §§ 404.1529(c), 416.929(c). The ALJ does not have to accept subjective complaints without question and may use their discretion in assessing those complaints and their severity in light of the broader medical record. *See Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (*citing Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979)). As discussed in more detail above, the examination findings throughout the relevant period were generally unremarkable. The ALJ noted that plaintiff chose to treat his back pain conservatively, denied gait changes or weakness in his arm, had limited range of motion in the spine but full range of motion in his upper extremities, and denied numbness, tingling, weakness, or gait abnormalities. (Tr. 264-65). Similarly, with regard to plaintiff's seizures, the ALJ properly considered that the record indicated they were controlled with medication. (Tr. 265). Additionally, plaintiff was able to work at various times throughout the time relevant period. (Tr. 568, 202, 203, 217). *See Wright v. Berryhill*, 687 F. App'x 45 (2d Cir. 2017) (ALJ properly relied on plaintiff's range of activities, course of treatment, employment history in making a credibility determination). While plaintiff relies on his testimony of limitations, they stand in stark contrast to the medical records discussed by the ALJ which show seizure activity not as limiting as plaintiff claims and physical exam findings are generally unremarkable which is inconsistent with his alleged physical limitations.

It is not improper for the ALJ to assess the RFC based on all the relevant evidence. The burden is on plaintiff to prove a more restrictive RFC than assessed by the ALJ. *See* 20 C.F.R. §§ 404.1512(a), 416.912(a). Plaintiff merely asserts there is no opinion evidence that mirrors the RFC determination. When substantial evidence of record supports the ALJ's determination of the facts,

9

the Court must defer to the ALJ's decision. *See Vilardi v. Astrue*, 447 Fed. App'x 271, 272 (2d Cir. Jan. 10, 2012) (summary order).

**ACCORDINGLY, it is**

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No.9) is

   **DENIED;**

 and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 11) is

   **GRANTED.**


Dated: May 12, 2023                           *J. Gregory Wehrman*
Rochester, New York                   HON. J. Gregory Wehrman
                                                  United States Magistrate Judge